126. Pursuant to directive No. 3376, inmate allegations of physical assault are not subject to the inmate Grievance and resolution Program. Nonetheless, Mr. Alli has exhausted administrative remedies with respect to all claims raised herein including But not limited to Plaintiff's Due Process claims. Plaintiff wrote letters and/or Grievances to the Grievance clerk, Central office review committee, Grievance Supervisor, Department of Corrections, Board of Corrections, Hidy J Simmons, Dorm schr.ra, and other defendants herein.

127. In addition Plaintiff appealed the disciplinary decision and then filled an article 78 Petition.

128. As a improper result of the article 78 findings the the infraction was dismissed in Part. Said infraction Should have been dismissed in its entirety and was not due to the Assigned Counsel aiding and abetting in the Cover-UP of the Malicious assault.

129. Regarding the Use Of force multiple Complaints documenting the Conduct at issue Were Personally Served Upon DOC/BOC

41

Or was sent VIA Prison Mail By Mr. Alli or by the legal Aid Society on his behalf. Upon information and belief the City and all Policy Making defendants were on notice of Mr. Alli's Claims.

130. In any event, Plaintiff's effort to strictly Comply with grievance Procedures were inhibited by conduct of DOC Staff. By mail tampering, denying a copy of the relevant grievance directive.

131. Upon information and belief, DOC Staff has, on more than one Occasion Confiscated Copies of the grievance directive found in the Possession of inmates.

132. Due to the Complexity of the grievance Process, Mr. Alli required assistance to fully Understand the Process for administrative exhaustion. However, DOC staff were Unable and/or Unwilling to explain the necessary steps of Exhaustion. Said Process is So Complex itself that DOC own Policy Making Personnel dont know the Complete Process.

133. Thus, any failure by Mr. Alli to Exhaust administrative remedies Should be excused.

42

## Mr. Alli's Injuries

134. As a direct and Proximate result of the Unlawful Actions taken by the defendants named-herein, Plaintiff has Suffered harm, in the form of, inter alia, Mental anguish, humiliation, emotional distress, Permanet and non-Permanet Physical injury, including but Not limited to head trauma, abrasions, lacerations, and Contusion. See also full Medical Report.

## CLAIM FOR RELIEF

135. Plaintiff repeats and realleges the foregoing Paragraphs as if the Same was fully set forth herein.

136. On or about August 25 2011 Mr. Alli was maliciously assaulted in three different locations Mainly the Men-Clinic where Doc officials have a longstanding Practice and deeply embedded unwritten Policy of doing so. further More Mr. Alli was faced with due Process Violations and Wrongful Confinement. Thus resulting into deprived due Process clause Of the Constitution

43

loss of liberty, Excessive force of the fourteenth and eight and fifth amendment of the Constitution, Cruel and Unusual Punishment and atypical and significant hardship.

137. The supervisory and individual Correction officers defendants acted under Pretense of Color of State law and in their official and individual Capacity, within the scope of their employment. These defendants acted willfully, knowingly, and with the intent to deprive Plaintiff of his Constitutional Rights Secured by 42 U.S.C § 1983, And the fourteenth, fifth, and eights amendment of the United States Constitution.

138. The supervisory and Policy Making defendants and the City of New York knew of or should have known that a long Standing Pattern of, Excessive force in Punitive Segregation Units (including MHAUII with C.R.V.C), Excessive force in Mini-Clinics of Rikers Island, Due Process deprivations, Unfair < t hearing Proceedings, and wrongful pported by due Process and directive 6500-AB ciplinary Confinements Sanctions.

44

Said Practices existed in the City Jails Prior to, and during the times relevant hereto.

139. The City, Policy making defendants, and Supervisory defendants failure to take measures to curb these Patterns Constitute acquiescence in the known unlawful behavior of Subordinates. The Prevalence of these Practices And general knowledge of their existence, and the failure to take remedial action despite the fact these issues have been Persistently brought to their attention Constitutes deliberate indifference. Deliberate indifference to the rights of inmates in defendants Care Custody and control.

140. These defendants herein conduct had been a Substantial factor in the Continuation of such "Violations" and Proximate Cause of the Constitutional Violations alleged herein.

141. By Permitting tolerating and Sanctioning a Persistent widespread Policy Practice and Custom Pursuant to which Plaintiff was Subjected to Cruel and unusual Punishment, Loss of Amenity, Loss of Liberty, Physical harm, and Mental and Emotional injuries.

45

FIRST CLAIM: CLAIM FOR FOURTEENTH AMENDMENT
        VIOLATIONS COUNT I :

Against Assaulting Officers for use of
Excessive force Pursuant to § 1983

142. Plaintiff repeats, re-alleges and incorporates
by reference Paragraphs above as if fully set
forth herein with the same force and effect

143. Assaulting officers willfully violated
Mr. Alli Constitutional rights by subjecting him to
Excessive force for no legitimate non-punitive
Penological Purpose.

144. These defendants acted in clear violation of
Mr. Alli's clearly established rights and well-settled
legal Principles, Of which a reasonable Person should
have been aware, and are not entitled to a good faith
Or qualified immunity defense.

145. As a Proximate result of the assaulting
Officers' conduct, Mr. Alli suffered
Severe and Permanet injuries including
but not limited to, Maingrains, head trauma,
Contusions, Other Physical injuries and
emotional harm.

46

146. Defendants' conduct "demonstrated deliberate indifference to the substantial risk. Such excessive use of force posed to Mr. Alli's health and safety. Mr. Alli is entitled to damages for this conduct.

### Count II:

Against City of New York, Policy Making defendants, John Does 1 through 8 and Correctional Health Services/Prison Health Services for Deliberate indifference to Medical Needs Pursuant to § 1983

146. Plaintiff repeates, re-alleges and incorporates by reference the paragraphs above as it was fully set herein.

147. Stated defendants intentionally delayed, postponed and/or interfered with Mr. Alli's need for medical attention following the assault.

148. Stated defendants Prevented Mr. Alli from receiving necessary, appropriate and prompt medical care. Despite often complaints defendants delayed, postponed, or otherwise interfered with access to Medical Care for no legitimate non-punitive Penological Purpose

47

149. These defendants acted in clear violation of well-settled law, of which a reasonable person should have been aware, and are not entitled to a good faith or qualified immunity defense.

150. By their conduct, these Defendants demonstrated deliberate indifference to Mr. Alli's substantial risk posed on health and safety.

151. As a proximate result of defendants conduct Mr. Alli suffered. Mr. Alli is entitled to damages for this conduct.

## Count III:

Against John Doe "9" and Adjudication Captain Medina for violation of Due Process Violation Pursuant to § 1983

151. Plaintiff repeates, re-alleges and incorporates by reference the Paragraphs above as if fully set forth herein.

152. Pre-trail detainees are entitled to certain Procedural Protections whenever further loss of liberty can result from disciplinary action

153. Under the Fourteenth Amendment, an inmate is entitled to (i.) advance notice of the charges against him (ii.) a hearing affording a reasonable

opportunity to call witnesses and present documentary evidence; and (iii) a fair and impartial hearing officer, amongst other things.

154. This standard is supplemented by DOC directive 6500R-B, which establishes the procedure for processing pre-hearing detention and inmate disciplinary infractions.

155. Defendant Medina violated DOC Due Process Procedures as well as Constitutional rights by, amongst other things:

(i) failing to dismiss the infraction on due process grounds that the investigation was not initiated within 24 hours of the incident.

(ii) failing to call witness's with knowledge of the incident.

(iii) failing to credit Mr. Alli's account of the incident

(iv) failing to take, review and preserve crucial evidence, including witness accounts, videotape, medical records and physical evidence.

(v) Turning a blind eye to inconsistencies in material facts stated in the investigative and officers' report

(vi) Relying on facts outside of the evidentiary record.

(vii) Confining Plaintiff to 236 days of disciplinary segregation

49

(viii) failing to credit said days upon the outcome of the Article 78 Proceeding; and

(ix) failure to make a determination as to whether Mr. Alli was assaulted in the Mini-Clinic.

156. John Doe 9 violated DOC due Process Directives and Mr. Alli's Constitutional rights by, amongst other things, failure to conduct an investigation within 24 hours of the incident, (ii) failure to commence an investigation within 24 hours and or to interview witness with knowledge of the incident, (iii) conducting a biased investigation, and (iv) aiding and abetting in the cover-up methods not to reveal the malicious assault.

157. Defendants meeting and John Doe 9 acted in clear violation of well-settled law of which a reasonable person should have been aware, and are not entitled to a good faith or a qualified immunity defense.

158. These deficiencies led to Mr. Alli's disciplinary confinement and loss of liberty without due process of law in violation of Mr. Alli's clearly established rights. Mr. Alli is entitled to damages for this conduct

COUNT IV:

Against City of New York and Policy-Making Defendants for Due Process Violations Pursuant to § 1983

50

159. Plaintiff repeates and re-alleges and incorporates by reference the Paragraphs above as if the were fully set forth herein

160. Stated defendants have, for some time been on notice of the inadequacy of hearings offered to inmates within O.B.C.C. And other Doc facilities and of Captain Medinas' record of denying due Process.

161. former and Current lawsuits made Plain that hearing and investigating officers frequently fail to Credit inmates accounts, fail to take, review and Preserve Crucial Evidence including witness accounts, Videotapes, medical records and Physical Evidence, and Plain outright deny due Process and fail to Adhere to Directive 6500 R,B.

162. Stated defendants' failure to take measure to Correct these behaviors Created an environment where Subordinates were and Continue to be able to commit due Process and other Violations with impunity

163. Such failure to act Constituted deliberate indifference to the Rampant due Process Violations within Doc facilities, including OBCC, in Connection with the administration of inmates' infractions and disciplinary Procedures

164. In addition, Stated defendants affirmed defendant Medina's hearing determination by failing to take action Even after the infraction

was expunged by the New York Supreme court.

165. In so doing, these defendants directly participated in the liberty deprivations imposed upon Mr. Alli and Violated Mr. Alli's clearly established rights

166. Stated Defendants acted in clear violation of well-settled law, or which a reasonable Person should have been aware, and are not entitled to a good faith or qualified immunity defense.

167 Mr. Alli is entitled to damages for this conduct

## COUNT V
### Municipal & Supervisory liability Pursuant To § 1983 for all Claims

168. Plaintiff repeats, re-alleges and incorporates by reference the Paragraphs above as if fully set forth herein with same force and effects.

169, Supervisory defendants, Policy making defendants and the City of New York are municipal agents "whose acts may be fairly said to be those of the municipality"

170. These defendants failed to intervene to Protect the Plaintiffs' Constitutional rights from infringement, were grossly negligent in Supervising Subordinates who committed the wrongful acts, and/or aided and abetted and/or Conspired to deprive, Participated in

52

depriving, and/or did deprive Plaintiff of Certain Constitutionally Protected rights including, but not limited to:

(I) the right not to be Subjected to excessive force

(II) The right to a fair investigation

(III) the right to medical Care Commensurate to BOC Health Care Minimum Standards and the United States Constitution

171. The City and Policy-making defendants knew or should have known that their employees, agents and subordinates had the Propensity to engage in the illegal and wrongful acts described herein.

172. Indeed upon information and belief Assaulting officers, Deputy Moore & Ramos have all been implicated in excessive force incidents or aiding and abetting and or directing excessive force incidents involving inmates housed in OBCC and Other facilities.

173. In addition, the City and Policy-making Defendants have been aware for some time (from lawsuits, notices of Claim, Complaints from inmates, their Family members and or friends, Press reports, and internal investigations) that their employee, Subordinates and agents routinely engage in incidents of excessive force followed by Concerted efforts to Cover up wrongdoing.

53

174. The City and Supervisory defendants/Policy making defendants Created, fostered, Perpetuated and Promoted Unconstitutional Customs, Practices and Policies by, Amongst Other things:

(i) failure to Protect and Supervise detainees within the Care, Custody and Control of the DOC;

(ii) failure to equip unmonitored areas such as the O.B.C.C Mini-Clinic with Cameras and/or other devices to reduce the incidence of Physical assault On inmates

(iii) failure to implement and develop Policies and Procedures Sufficient to Safeguard the health Safety and welfare of detainees within the Care Custody and Control of the DOC

(iv) failure to enforce existing rules designed to Safeguard the health, Safety and welfare of detainees within the Care Custody and Control of the DOC;

(v) failure to discipline and/or Prosecute Correction Officers for employing excessive force against detainees in their Care, Custody and Control Or engaging in other misconduct under color of state Law,

(vi) failure to train and instruct Subordinate Employees regarding the inmate grievance Process and the Protections guaranteed to all inmates and detainees Subject to disciplinary infractions and/or hearings

54

(viii) failure to monitor the conduct of subordinate employees to determine whether DOC directives and official policies were being complied with; and (viii) failure to investigate and penetrate the code of silence amongst officers participating in wrongful conduct.

175. These defendants acted in clear violation of well-settled law of which a reasonable person should have been aware, and are not entitled to a good faith defense or qualified immunity defense

176. These failures and deprivations facilitated, promoted and exacerbated the unconstitutional practices which proximately caused the injuries alleged herein and violated plaintiff's clearly established rights.

177. Mr. Ali is entitled to damages for this conduct.

## SECOND CLAIM: CLAIM FOR ASSAULT & BATTERY
### Against Assaulting Officers

178. Plaintiff repeates and re alleges the foregoing paragraphs as if they were fully stated herein

179. At all times herein assaulting officers were acting within the scope of their employment and under color of state law.

180. Upon approaching Mr. Ali's shower pin and entering such placed Mr. Ali in apprehension of immediate harm and/or offensive touching

181. These defendants thereafter engaged in and subjected Plaintiff to immediate harmful and/or offensive touching, giving rise to an unlawful battery

182. These defendants acted in clear violation of well-settled law, of which a reasonable Person should be aware, and are not entitled to a good faith defense or qualified immunity defense

183. As a Proximate Cause of such Conduct, Mr. Alli sustained Permanent loss of Head trauma, Contusions and other bodily injuries and emotional harm. This conduct violated Mr. Alli's Clearly established rights and he is entitled to damages for such conduct.

### THIRD CLAIM; CLAIM FOR NEGLIGENCE
### Against all Defendants

184. Plaintiff repeats, re-alleges and incorporates by reference the Paragraph above as if fully set forth herein with the same effect and force

185. At all times alleged herein, defendants acted under color of state law in their capacity of BOC or DOC Officers, employee, staff and or agents and were required to act with due care and in Conformity with DOC Standards and directives and with the United State Constitution

56

186. Assaulting officers; Deputy Ramos, and supervisory or Policy making defendants whom were put on notice of Plaintiffs Claims breached their duty by causing Mr. Alli bodily injuries, Physical and Permanent and or deliberately denying, delaying or interfering with access to appropriate Medical Care.

187. Policy making Defendants, City of New York, and Deputies Moore & Ramos breached this duty by failing to monitor, supervise, train, remove and discipline subordinate Officers Who were Predisposed to Committing the acts Complained of herein

188. All Defendants acted in Clear violation of Well settled law. Of Which a reasonable Person should have been aware, and are not entitled to a good faith defense or qualified immunity defense.

189. The negligence of these defendants was the Proximate Cause of the injuries sustained by Mr. Alli and Violated his Clearly established rights

190. Plaintiff is entitled to damages for this Conduct

## FOURTH CLAIM: CLAIM FOR NEGLIGENT HIRING AND SUPERVISION.

Against Policy Making Defendants And THE CITY

57

191. Plaintiff repeats, re-alleges and incorporates by reference the paragraphs above as if fully set forth herein.

192. At all times alleged herein, Defendants acted under color of State law in their capacity of DOC high ranking officials and were required to act with due care in hiring, monitoring, appointment, training and supervision of all DOC Personnel, including the defendants referenced herein.

193. The City and Policy-making Defendants failed to exercise due care in the hiring, monitoring, appointment, training and supervision of the employees within their charge, including defendants assaulting officers and defendants-Uniformed and Supervisory officers.

194. The City and Policy-making Defendants knew or should have known that the assaulting officers were unfit to serve their respective roles and had a propensity to engage in violent unprovoked conduct against inmates and detainees.

195. The negligence of Defendant City and Policy-making Defendants Proximately caused Plaintiff's injuries and Violated Constitutional rights.

196. These defendants acted in Clear Violation of well-settled law of which a reasonable person should have been aware, and are not entitled to a good faith defense of qualified immunity defense. Plaintiff is entitled to damages for this conduct

58

FIFTH CLAIM: CLAIM FOR AIDING & ABETTING
Against John Doe "  ", Medina, Policy-making Defendants,
and Assaulting officers

197. Plaintiff repeats, re-alleges and incorporates
by reference the Paragraphs above as if fully set
forth herein with the same force and effect.
198. At all times alleged herein, Defendants acted
under color of state law in their capacity of
Doc officers, employees, staff, and/or agents.
199. Policy-making Defendants, John Doe 3, and
the city of New York aided and abetted
Assaulting officers in Subjecting Mr. Ali to
excessive force, Incl amongst other things. (I)
failing to carry out an adequate investigations, (ii)
failing to provide a non-biased hearing, (iii)
failing to investigate and/or Report Mr. Ali's
allegations of excessive force (iv) delaying Postponing,
or otherwise interfering with Prompt medical
care for injuries resulting from the assault.
200. These defendants shared the Purpose of
the Principal Assaulting officers, namely to Punish,
retaliate against and/or otherwise harm Mr. Ali.
201 These defendants acted in clear violation of well-
settled law, of which a reasonable Person should
have been aware and are not entitled to

54

good faith defense or qualified immunity defense. This conduct violated Mr. Alli's Clearly established rights and Plaintiff is entitled to damages for this Conduct.

## SIXTH CLAIM; FOR VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR
### Against City And Policy-Making Defendants

202. Plaintiff repeats, realleges and incorporates by reference the Paragraphs above as if fully set herein

203. At all times alleged herein, Defendants acted Under Color of State law in their Capacity of DOC officers, employee, Servant, staff and/or agent.

204. The acts of assaulting officers and Uniformed and Supervisory Defendants Was intentional, willful, and tortious and Committed within the Scope of their DOC employment and in furtherance of the City's interest.

205. These acts Proximately Caused Mr. Alli's injuries and Violated Mr. Alli's Clearly established rights Plaintiff is entitled to damages for this Conduct.

61

# Prayer for Relief

Wherefore, Mr. Alli request that the Court grant the following relief jointly and individually against all defendants.

Plaintiff Seeks Compensatory damages for each Claim, Count, or Violated Right Stated herein against all defendants Jointly and individually

Plaintiff seeks Punitive damages against all defendants except the City of New York for each Claim, Count, or Violated right Jointly and individually.

Plaintiff Seeks to invoke Title 18 Section 241 against assaulting officers. forcing the Public discipline and Sanctioning of assaulting officers of up to Ten Years imprisonment and an additional Separately awarded ten thousand dollars for Malicious Conduct against each assaulting officer individually.

Plaintiff Seeks an separately awarded Sum of One Thousand Dollars a Day, for each day Wrongly Confined in Punitive Segregation

Plaintiff also seeks Award of Pre- and Post Judgment interest as Permitted by law, and

62

Granting such Other relief as this Court deems Just and Proper.

DATED:
        July 14 2014
        Cast, CIMHURST NY

Pro Se Litigant
'UMAR. Ali'

_____

A.M.K.C - 18-18 HAZEN ST
CAST CIMHURST NY, 11370

All rights Reserved

Orginal signature

_____

July 14, 2014

63