The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



The Honorable Analisa Torres
United States District Court for the Southern District of New York

Re:            Alli v. Moore, et al., No. 14 Civ. 6597 (AT) (KNF)
Related Cases: Alli v. Warden, et al., No. 12 Civ. 3947 (GBD) (GWG)
               Alli v. Pedlar, et al., No. 14 Civ. 10257 (RA) (JLC)

Dear Judge Torres,

      On May 22, 2016, I filed a motion to reopen the above-captioned cases with the Court. On May 25, 2016, Defendants filed an opposition. I write to very briefly reply.[1]

      Defendants claim that they reached an enforceable global oral settlement agreement of all three above-captioned cases with then-pro se Plaintiff Umar Alli by virtue of a telephone conversation which occurred out of court and while Mr. Alli was incarcerated. Mr. Alli contends that the Parties never reached an oral agreement, which Defendants' own transcript of the recorded telephone conversation shows. More importantly, Mr. Alli argues that there is no enforceable settlement agreement because then-pro se Plaintiff and Defendants never signed a written agreement, which Defendants concede.

      In Silas v. City of New York, 536 F. Supp.2d 353 (S.D.N.Y. 2008), this Court held that an oral settlement agreement, made on the telephone between a pro se inmate plaintiff and opposing Defendant City's counsel, was unenforceable under New York law.

      In reaching this conclusion, the Silas Court weighed four factors developed by the Second Circuit in Winston v Mediafare Ent'mt Corp., 777 F.2d 78, 80 (2d Cir. 1985), as relevant to the enforceability of an unwritten agreement. One of those Winston factors is key to the Parties' dispute in this case, i.e., "whether the agreement at issue is the type of contract that is usually committed to writing." Id.

      In New York, settlement agreements are usually committed to writing, particularly when a pro se party is involved. Silas, 536 F. Supp.2d at 359 (stating that "an oral agreement reached before a judge in an informal setting and without adequate contemporaneous documentation of the fact and terms of the

---

[1] In the event the Court requires more formal briefing from the Parties before or after conference, I respectfully request the opportunity to brief a broader array of issues in those papers. I limit my discussion here to one primary point for the purposes of brevity and I do not intend to waive unaddressed topics.

agreement is not ordinarily enforceable"). For example, New York C.P.L.R. § 2014 provides that

> [a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and dismissed.

N.Y. C.P.L.R. § 2104; Bonnette v. Long Island College Hosp., 3 N.Y.3d 281, 286 (2004) (explaining that "[i]f settlements, once entered, are to be enforced with rigor and without a searching examination into their substance, it becomes all the more important that they be clear, final and the product of mutual accord").

In light of the foregoing, the Silas Court found "no compelling reason to disregard the requirements of C.P.L.R. 2014" and held the oral settlement agreement unenforceable. The Court made special note of the "the plaintiff's status as an untutored pro se litigant" as a fact that supported its conclusion. Silas, 536 F. Supp.2d at 362.

Similarly, here, Mr. Alli was a pro se litigant at the time of the Parties' conversation, and a written settlement agreement would have gone far to help assure his understanding and voluntary acceptance of Defendants' claimed contract, as this very dispute shows. However, in the absence of a writing, it is helpful that Defense counsel's own transcript of his tape recorded December 16, 2016 telephone call with pro se Plaintiff shows that the conversation ended without the Parties reaching agreement.

First, the transcript shows that Defendants rejected Mr. Alli's settlement demand that any agreed-upon settlement amount be paid within a guaranteed time frame of thirty or sixty days.

Then, Defense counsel counter-offered that he would "try to expedite" payment if Mr. Alli returned the signed paperwork quickly. Defense counsel represented to Mr. Alli that settlement-check delays often had to do with how long the litigant takes to sign settlement paperwork. Stating that the Parties could try to cut the City's typical ninety-day period "in half if we can figure out a quicker way to sign the paperwork," Defense counsel suggested that Mr. Alli sign and return the contract that day as part of that effort. Mr. Alli considered that proposal and, when he did not sign the contract, rejected it.

Assuming, arguendo, that the Court does not share Plaintiff's interpretation of the transcript as showing the non-existence of even an oral agreement, Plaintiff respectfully reiterates his principal argument that the absence of a written settlement is dispositive here.

In light of the foregoing, Mr. Alli contends that the Parties do not have an enforceable settlement and Mr. Alli respectfully requests that the Court reopen the cases.

Sincerely,

*Ryan Lozar*

Ryan Lozar