UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

UMAR ALLI,

                                                 Plaintiff,

-against-

CITY OF NEW YORK, OFFICER MOORE, OFFICER RAMOS, OFFICER MCCABE, OFFICER HARRIS, OFFICER MUNDY, CAPTAIN THOMPSON, CAPTAIN MEDINA, OFFICER REESE, WARDEN OF OBCC, DORA SCHRIRO, HILDY J. SIMMONS, MICHAEL D. REGAN, KENNETH T. ARMSTEAD, FLORENCE FINKLE, LEWIS FINKLEMAN, MICHAEL HOURIHANE AND JOHN/JANE DOE OFFICERS 1-9,

                                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, MOORE, RAMOS, MUNDY, SCHRIRO, SIMMONS, REGAN, ARMSTEAD, FINKLE, FINKLEMAN AND HOURIHANE**

14-CV-6597 (AT) (KNF)

Jury Trial Demanded

        Defendants City of New York, Officer Moore, Officer Ramos, Officer Mundy, Dora Schriro, Hildy J. Simmons, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman and Michael Hourihane (hereinafter "defendants")[1] by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed and seek relief as stated therein.

---

[1] Upon information and belief and a review of the docket, the following defendants have been served with or waived service of the original complaint: City of New York, Deputy Warden Moore, Deputy Warden Ramos, Security Officer Mundy, Dora Schriro, Hildy J. Simmons, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman and Michael Hourihane. (Docket Entry Nos. 11 and 64). Upon information and belief, service was attempted on defendants Officer McCabe, Officer Harris, Captain Thompson, Captain Medina, and Officer Reese, however, it was never completed due to plaintiff's failure to provide sufficient identifying information. (Docket Entry Nos. 15-16). Upon information and belief, no service was attempted on defendant "Warden of OBCC."

2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein

3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the amended complaint sets forth a request for a jury trial to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint, except admit that on or about August 25, 2011, plaintiff was incarcerated at the Otis Bantum Correctional Center in the custody of the New York City Department of Correction.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and that the City maintains a Correction Department; defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Department of Correction.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that on or about August 25, 2011, Officer Moore, Officer Ramos, and Officer Mundy were employed by the New York City Department of Correction, and that plaintiff

purports to sue them in their individual capacities; defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the amended complaint pertaining to "Officer McCabe," "Officer Harris," "Officer Reese," "Captain Thompson," "Captain Medina," and the "John/Jane Doe" defendants.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that Dora Schriro, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman, and Michael Hourihane were employed by the New York City Department of Correction on or about August 25, 2011, and that plaintiff purports to sue them in their individual capacities[2]; defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint pertaining to the "OBCC Doe Warden."

11. Deny the allegations set forth in paragraph "11" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under color of state law" sets forth legal conclusions, rather than averments of fact, and accordingly no response is required.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, and further state that the allegations concerning whether defendants were "acting within the scope of their employment" sets forth legal conclusions, rather than averments of fact, and accordingly no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint, except admit that on or

---

[2] Defendants note that plaintiff purports to include "Richard T. Wolf" as a defendant in this paragraph. While Mr. Wolf was served with a summons and the original complaint, Mr. Wolf was not included in the caption of this amended complaint and therefore is no longer considered a defendant in this action.

about August 25, 2011 plaintiff was in the custody of the New York City Department of Correction and incarcerated at the Otis Bantum Correctional Center.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. Deny the allegations set forth in paragraph "26" of the amended complaint.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint, except admit that on or about August 25, 2011 plaintiff received medical treatment at Elmhurst Hospital.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint, except admit that Department of Correction has a grievance process.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint, except admit that plaintiff was served an infraction.

40. Deny the allegations set forth in paragraph "40" of the amended complaint, except admit that plaintiff was served an infraction.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint, except admit that plaintiff was infracted and found guilty of Assault and Fighting, Refusal to Obey a Direct Order, Disrespect for Staff, Threats and Contraband.

43. Deny the allegations set forth in paragraph "43" of the amended complaint.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint, except respectfully refer the Court to the articles cited therein for an accurate statement of their contents.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint, except respectfully refer the Court to the articles cited therein for an accurate statement of their contents.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. Deny the allegations set forth in paragraph "55" of the amended complaint.

56. Deny the allegations set forth in paragraph "56" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. Deny the allegations set forth in paragraph "60" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. In response to the allegations set forth in paragraph "62" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Deny the allegations set forth in paragraph "69" of the amended complaint.

70. In response to the allegations set forth in paragraph "70" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. In response to the allegations set forth in paragraph "74" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

79. Deny the allegations set forth in paragraph "79" of the amended complaint.

80. In response to the allegations set forth in paragraph "80" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the amended complaint.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. Deny the allegations set forth in paragraph "83" of the amended complaint.

84. Deny the allegations set forth in paragraph "84" of the amended complaint.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

86. Deny the allegations set forth in paragraph "86" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

87. Deny the allegations set forth in paragraph "87" of the amended complaint.

88. In response to the allegations set forth in paragraph "88" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the amended complaint.

90. Deny the allegations set forth in paragraph "90" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

91. Deny the allegations set forth in paragraph "91" of the amended complaint.

92. In response to the allegations set forth in paragraph "92" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the amended complaint.

94. Deny the allegations set forth in paragraph "94" of the amended complaint.

95. Deny the allegations set forth in paragraph "95" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

96. Deny the allegations set forth in paragraph "96" of the amended complaint.

97. In response to the allegations set forth in paragraph "97" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

98. Deny the allegations set forth in paragraph "98" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

99. Deny the allegations set forth in paragraph "99" of the amended complaint.

100. Deny the allegations set forth in paragraph "100" of the amended complaint.

101. Deny the allegations set forth in paragraph "101" of the amended complaint.

102. Deny the allegations set forth in paragraph "102" of the amended complaint.

103. Deny the allegations set forth in paragraph "103" of the amended complaint.

104. Deny the allegations set forth in paragraph "104" of the amended complaint.

105. Deny the allegations set forth in paragraph "105" of the amended complaint.

106. Deny the allegations set forth in paragraph "106" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

107. Deny the allegations set forth in paragraph "107" of the amended complaint.

108. Deny the allegations set forth in paragraph "108" of the amended complaint.

109. Deny the allegations set forth in paragraph "109" of the amended complaint, and further state that the allegations concerning whether defendants were "acting under the color of state law" is a legal conclusion to which no response is required.

110. Deny the allegations set forth in paragraph "110" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

111. The complaint fails to states a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

112. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

113. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

114. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

115. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

116. Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

117. To the extent plaintiff alleges claims under State law, such claims may be barred, in whole or in part, because plaintiff may have failed to comply with the provisions of New York General Municipal Law §§ 50(e) (h) and (i).

**AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE:**

118. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

119. Plaintiff failed to mitigate his damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

120. Plaintiff's claims may be barred, in whole or in part, by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e), for failure to exhaust his administrative remedies.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

121. At all times relevant to the acts alleged in the amended complaint, defendants Officer Moore, Officer Ramos, Dora Schriro, Hildy J. Simmons, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman and Michael Hourihane acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

122. Defendants Officer Moore, Officer Ramos, Dora Schriro, Hildy J. Simmons, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman and Michael Hourihane have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

123. Defendants Dora Schriro, Hildy J. Simmons, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman and Michael Hourihane had no personal involvement in the incidents alleged in the complaint.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

124. To the extent any force was used, such force was reasonable, justified and necessary.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

125. Plaintiff has failed to state a viable Monell claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**WHEREFORE,** defendants City of New York, Officer Moore, Officer Ramos, Dora Schriro, Hildy J. Simmons, Michael D. Regan, Kenneth T. Armstead, Florence Finkle, Lewis Finkleman and Michael Hourihane request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 12, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel
                              of the City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 3-308A
                              New York, New York 10007
                              (212) 356-5056
                                        /s/
By:     _____
            Erin Ryan
            Assistant Corporation Counsel
            Special Federal Litigation Division

To:     Ryan M. Lozar (by ECF)

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|
| UMAR ALLI,<br><br>                                          Plaintiff,<br><br>                        -against-<br><br>CITY OF NEW YORK, OFFICER MOORE, OFFICER RAMOS, OFFICER MCCABE, OFFICER HARRIS, OFFICER MUNDY, CAPTAIN THOMPSON, CAPTAIN MEDINA, OFFICER REESE, WARDEN OF OBCC, DORA SCHRIRO, HILDY J. SIMMONS, MICHAEL D. REGAN, KENNETH T. ARMSTEAD, FLORENCE FINKLE, LEWIS FINKLEMAN, MICHAEL HOURIHANE AND JOHN/JANE DOE OFFICERS 1-9,<br><br>                                          Defendants. |
| **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, MOORE, RAMOS, MUNDY, SCHRIRO, SIMMONS, REGAN, ARMSTEAD, FINKLE, FINKLEMAN AND HOURIHANE** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel: Erin Ryan*<br>*Tel: (212) 356-5056* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................ , 2016*<br><br>*.................................................................... Esq.*<br><br>*Attorney for..............................................................* |